THEOLOGICAL INSTITUTE OF CONNECTICUT *vs.* ISAAC R. BARBOUR
& another.

One of two lessees occupied the demised premises during the lease, and continued to
occupy them after its expiration, and the other lessee boarded with him throughout his
occupation, and after the lessor's estate had been terminated by a conveyance to a
stranger. *Held*, in an action brought by the grantee against both lessees for use and
occupation since such conveyance, that the boarder was not liable.

ACTION OF CONTRACT against Isaac R. Barbour and Hannah
Greenough to recover rent at the rate of $250 a year, of a house
and land in Worcester, from the 1st of October 1851 to the 1st
of April 1853. The question of the liability of Greenough was
submitted to the decision of the court upon the following facts:

On the 4th of March 1850, Sarah Waldo, having entered into
possession of the premises for breach of condition of a mortgage
thereon, made a lease thereof for one year to the two defendants,
at a rent of $250. From the date of the lease until the 1st of
April 1853, Barbour occupied the premises with his family; and
Greenough, a single woman, lived in the house as a boarder
in his family. Barbour paid the rent during the year named
in the lease. On the 1st of October 1851, Sarah Waldo having
previously deceased, the mortgage and all the title which she
had in the premises were assigned by her executors to the
plaintiffs. No rent has been paid since the 1st of October 1851,
and there was no express contract in relation to the occupation
of the premises after the lease.

*R. Newton,* for the plaintiffs. The plaintiffs, holding the fee
of the estate, are the proper persons to bring this suit. *Newall*
v. *Wright*, 3 Mass. 138. The tenants, continuing to hold over
after the expiration of the lease, are presumed to hold upon the
terms and conditions of the lease; and Greenough, being an
original lessee, and occupying the house with Barbour, after the
term as before, is equally liable with him. 4 Dane Ab. 745.
*Doe* v. *Bell*, 5 T. R. 471. *Ellis* v. *Paige,* 1 Pick. 43. *Brewer* v
*Knapp*, 1 Pick. 332. *Moshier* v. *Reding*, 3 Fairf. 478.

*P. C. Bacon & J. W. Wetherell,* for the defendant Greenough.

28 *

SHAW, C. J.   At the expiration of the lease for a year, if the lessees had continued in possession by the assent of the lessor, they vould be, by law, tenants at will; and it might be held that both lessees, while that relation lasted, were tenants at will. But by the decease of Mrs. Waldo, or at least by the conveyance to these plaintiffs, the tenancy at will ceased. *Benedict* v. *Morse,* 10 Met. 229.   The right of the plaintiffs to receive rent, after they became owners in fee of the estate, was a right on an implied promise to recover a *quantum meruit* for use and occupation; and the law raises this promise only against a party who has the actual use and enjoyment of the estate.   By the statement of facts it appears that Barbour had the occupation, and Miss Greenough was a mere boarder.

*Judgment for the defendant Greenough.*